**DANSKIN, INC., Petitioner,**

**v.**

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

**No. 224, Docket 28519.**

United States Court of Appeals Second Circuit.

Argued Jan. 30, 1964.

Decided May 1, 1964.

Bernard Weiss, New York City, for petitioner.

Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson, Melva M. Graney, Alec A. Pandaleon, Attys., Dept. of Justice, Washington, D. C., for respondent.

Before LUMBARD, Chief Judge, and WATERMAN and MARSHALL, Circuit Judges.

WATERMAN, Circuit Judge.

■ The principal question presented by this taxpayer's petition for review of a decision of the Tax Court of the United States is whether the owner of a trademark may treat legal expenses incurred in instituting and pressing to settlement an infringement action as deductible expenses under Section 162(a) of the Internal Revenue Code of 1954, or whether such charges must be regarded as a ·capital expenditure. We think it proper, as did the Tax Court, to classify such disbursements as a capital expenditure.

Petitioner, Danskin, Inc., is a New York corporation, engaged in manufacturing and marketing ladies' and children's leotards, tights, and related items under the federally registered trademark "Danskin." In 1958, a competing firm began marketing similar products under the trademark "Gamskin," and in 1959 in the United States District Court for the Eastern District of Pennsylvania petitioner instituted an infringement action against its competitor seeking treble damages in the amount of $75,000 and an injunction order requiring the defendant to cease and desist from using "Gamskin" as a trademark. After a hearing the court granted petitioner's request for a temporary injunction restraining the defendant from using the trademark "Gamskin," and several months later a settlement agreement was negotiated under which the defendant agreed to the entry of a final decree perpetually enjoining it and its successors from using the "Gamskin" trademark. The defendant also agreed to pay all court costs and to have a judgment entered against it in the amount of $7,000 if it ever breached any provision of the settlement agreement.

For the legal services which resulted in this favorable settlement petitioner expended the sum of $4,666, and on its 1959 corporate income tax return it sought to deduct these litigation expenses as ordinary and necessary business expenses under Section 162(a) of the 1954 Code. The Commissioner disallowed the deductions on the ground that they were a capital expenditure and asserted a deficiency against petitioner. The Commissioner's position was sustained below in the Tax Court, 40 T.C. 318, and we affirm that court.

The purpose and effect of the legal expenses, as determined by the settlement agreement eventually reached as a result of the litigation taxpayer financed, was to increase the value of taxpayer's registered trademark and to make more secure taxpayer's property in it by forever eliminating the possibility of having it impaired by the competitive use of this confusingly similar mark. Thus, though the complaint for infringement as originally drawn included a plea for damages, taxpayer's expenses did not finance legal activity which recovered for petitioner lost income or preserved its right to retain income earned. The financial gain which petitioner realized from these legal proceedings, through the enhancement of the value of its registered trademark, is an increment of a sort which will endure for many years to come; and therefore the pattern of the revenue laws of accurately matching income and expenses within annual accounting periods requires that these legal expenses be classified as capital outlays. Financing the removal of a threat to a trademark posed by an infringing mark resembles the cost of perfecting or preserving title to property, a cost well established as a capital expenditure, see Spangler v. Commissioner, 323 F.2d 913 (9 Cir. 1963); Wise v. Commissioner, 311 F.2d 743 (2 Cir. 1963); Lewis v. Commissioner, 253 F.2d 821 (2 Cir. 1958), much more than it resembles a current business expense.

■ Moreover, the language and legislative history of a related section of the Code support the determination that the funds taxpayer expended in conducting its infringement litigation should be classified as a capital expenditure. Section 177 of the Code, added in 1956, provides that a "trademark or trade name expenditure" may, if the taxpayer so elects, be treated as a deferred expense and deducted ratably over a sixty month period. Subsection (b) of Section 177

defines a trademark expenditure as any expenditure which "is directly connected with the acquisition, protection, expansion, registration (Federal, State, or foreign), or defense of a trademark or trade name," which is chargeable to the capital account, and which is not part of the consideration paid for a trademark, trade name, or business. Thus, Section 177 is designed to permit a taxpayer to treat in a special fashion an outlay which would otherwise have to be treated as an ordinary capital expenditure. Current regulations, in line with what would seem to be called for by the language of Section 177, specifically state that that section includes within its coverage litigation expenses connected with infringement proceedings. Reg. § 1.177–1(b). Moreover, the Senate Report on the bill which, in part, became Section 177, contemplated that legal fees would be covered by the section, and indicated that the bill had been prompted by a recognition that large companies by maintaining company legal staffs could more advantageously treat legal expenditures connected with trademark matters than their smaller counterparts could. S.Rep.No.1941, 84th Cong. 2d Sess. (1956), in U.S.Code Cong. & Admin. News, pp. 2914, 2918–19. Obviously, if the expenses of trademark infringement litigation were intended by Congress to be classified as ordinary business expenses under Section 162(a) of the Code, it would not have been necessary to provide in Section 177 a special rule covering them, a rule less advantageous to a taxpayer than Section 162(a).

■ Alternatively, petitioner claims that if it may not deduct its litigation expenses under Section 162(a) it should be permitted to treat them as a deferred trademark expenditure under Section 177. This argument we reject. Section 177(c) expressly provides that an election to take advantage of the provisions of the section "shall be made within the time prescribed by law (including extensions thereof) for filing the return for the taxable year during which the expenditure is paid or incurred." Peti-

tioner, because of a mistaken belief that it could deduct its expenses in a more advantageous manner under Section 162 (a), failed to make the Section 177 election within the period allowed for filing its 1959 return. Having failed to make an election during the time period Congress fixed by statute, petitioner cannot now decide to take advantage of the provisions of Section 177. See J. E. Riley Inv. Co. v. Commissioner, 311 U.S. 55, 61 S.Ct. 95, 85 L.Ed. 36 (1940).

Affirmed.