**MEDCO PRODUCTS COMPANY, Inc.,
Plaintiff,**

v.

**MEDCO HOSPITAL SUPPLY CORP., a
Corporation, Leonard T. Fript and John
M. Mills, Individuals, Defendants.**

**No. 66 C 1972.**

United States District Court

N. D. Illinois, E. D.

July 18, 1968.

Carlton Hill, James Van Santen, Hill, Sherman, Meroni, Gross & Simpson, Chicago, Ill., for plaintiff.

George L. Siegel, Irwin I. Zatz, Arvey, Hodes & Mantynband, Maurice S. Cayne, Chicago, Ill., for defendants.

## MEMORANDUM

PERRY, District Judge.

This cause came on to be heard upon the Complaint of plaintiff, Medco Products Company, Inc., wherein said corporation charged that it was the owner of the trademark "MEDCO" and that it suffered damage to its goodwill and reputation arising out of the infringement of said trademark by defendant, Medco Hospital Supply Corp., and two of its founding officers named as individual defendants, John M. Mills and Leonard T. Fript.

The court heard and evaluated the testimony of witnesses and received documentary evidence. It heard the oral argument of counsel for the parties, has taken briefs, and now is fully advised in the premises.

There is no dispute over the fact that plaintiff is the owner of the duly registered trademark "MEDCO" with several variations and that it has established a common law right to use the term as a

trademark. The only question is the validity thereof.

Defendants admitted that plaintiff is the owner of a trademark "MEDCO" but denied the validity thereof and each and every one of the charges. Defendant further asserted that the word "MEDCO" was a widely used term and that it was used in the corporate name of a number of corporations throughout the United States. Defendants specifically denied that Medco Hospital Supply Corp. sold the same line of goods or in any way competed with plaintiff.

The term "MEDCO" is unique and is not found in any English dictionary. It is a composite word taken from the first three letters (med) of medicine or medical with the addition of two letters (co) that ordinarily stand for company, thus giving to it a characteristic of a company doing business in products of the medical field.

The plaintiff has so used the term "MEDCO" since 1934 and has been the only company in the United States using it for that purpose in any substantial manner. The evidence demonstrated that there are and have been a number of instances in which the term has been used locally and for diverse purposes but that there has not been any extensive use of it. The evidence also revealed the plaintiff has been ever ready to protect its name.

The record clearly established that officers of defendant Medco Hospital Supply Corp. knew of the existence of plaintiff's trademark when Medco Hospital Supply Corp. went into business. The evidence further showed that the defendant Medco Hospital Supply Corp. is in competition with plaintiff Medco Products Company, Inc. in the manufacture and sale of products and in calling upon the same customers and that it is using the term "MEDCO" not only as part of its corporate name but also as a symbol in its packaging, advertising and demonstrations at conventions.

The evidence demonstrated to the court's satisfaction that there has been and is confusion resulting from the use of the term "MEDCO" by Medco Hospital Supply Corp. in its corporate name and from the use of it as a symbol similar to the trademark "MEDCO" on its letterheads and on its labels.

The court is of the opinion that the defendants have infringed plaintiff's trademark "MEDCO"; that they have damaged and are continuing to damage the plaintiff by said infringement; and that if said defendants are not enjoined, they will continue such infringement and will continue to damage and injure the plaintiff to an even greater extent. In the court's opinion the plaintiff has no adequate remedy except equitable relief in the form of a permanent injunction against defendants, restraining them from infringing the use of plaintiff's trademark "MEDCO."

The court relies heavily upon the decision of the Court of Appeals of this Circuit in the case of Independent Nail & Packing Co., Inc. v. Stronghold Screw Products, Inc., 7 Cir., 205 F.2d 921. That case was tried below in this court. There the plaintiff, Independent Nail & Packing Co. (hereinafter called "Independent") was a Massachusetts corporation and had no place of business in Illinois, in fact nowhere outside of Massachusetts. The defendant, Stronghold Screw Products, Inc. (hereinafter called "Stronghold") began to use the term "Stronghold" without any knowledge of the existence of plaintiff Independent, which did not use its trademark as part of its corporate name.

Independent manufactured and sold a special kind of a nail but did not manufacture and sell screws, bolts or nuts. Stronghold manufactured and sold special kinds of screws, bolts and nuts but did not manufacture and sell nails. No actual damage was proved. No unfair competition was charged or shown. Only one instance of actual confusion was proved, but the likelihood of confusion in the future was established. The symbols used by the two companies were completely dissimilar except for the use of the word "Stronghold" which was in

fact a word of accepted general meaning in all modern dictionaries.

After trial, without a jury, the court dismissed the complaint of Independent for the reason that no unfair competition, or actual damages, or likelihood of damages were shown and for the further reason that the trademark of Independent was not infringed since the symbols of the two companies were so dissimilar in appearance. The symbol of plaintiff, which was used on its stationery and in its advertising, depicted a castle enclosed in a triangle superimposed upon a long black base and in which was inscribed in block letters the word "Stronghold." The symbol of Stronghold, which it used on its letterheads and in its advertising, was a long key-like block upon which was blocked the word "Stronghold" beginning with a very large "S" and the letters descending in size to a small "D", the word ending in the center of a black washer upon which were written the words "SCREW PRODUCTS." A reproduction of each of said marks appears on page 972 in 107 F.Supp. 969, Independent Nail & Packing Co., Inc. v. Stronghold Screw Products, Inc.

The Court of Appeals, in a well considered opinion, reversed this court's order of dismissal, primarily on the ground of confusion arising out of defendant Stronghold's use of the word "Stronghold" as part of its corporate name and otherwise. The Court of Appeals held "Stronghold" to be a unique term that was a valid trademark belonging to plaintiff and that defendant was infringing in spite of its good faith and notwithstanding that no damages had been shown. The court in effect found a trademark to be personal property with the right of its owner to be protected against its use by others even when nothing more than confusion arises. The decision has become the law of this Circuit for certain, and in the opinion of this court it is so sound, clear and fair that it will be followed by the Supreme Court of the United States if the Court ever sees fit to review the question.

Accordingly, this court is of the opinion that the plaintiff in the case now in this court should prevail and this court has on this date simultaneously herewith entered its Findings of Fact and Conclusions of Law and a Judgment herein.