MEDCO PRODUCTS CO., INC.,
Petitioner-Appellant,

v.

COMMISSIONER OF INTERNAL
REVENUE, Respondent-Appellee.

No. 74–1811.

United States Court of Appeals,
Tenth Circuit.

Argued Aug. 20, 1975.

Decided Sept. 11, 1975.

Rehearing Denied Oct. 24, 1975.

Lowry McKee, Tulsa, Okl., for petitioner-appellant.

Robert G. Burt, Tax Div., Dept. of Justice, Washington, D. C. (Scott P. Crampton, Asst. Atty. Gen., Washington, D. C., Gilbert E. Andrews and Jonathan S. Cohen, Tax Div., Dept. of Justice, Washington, D. C., on the brief), for respondent-appellee.

Before LEWIS, Chief Judge, and HILL and BARRETT, Circuit Judges.

BARRETT, Circuit Judge.

·Medco Products Co., Inc., (Medco) appeals a decision of the United States Tax Court upholding a deficiency in its federal income taxes for 1966 and 1967.

Medco was incorporated in Oklahoma on April 1, 1955.[1] It is engaged in the marketing of electrical therapeutic equipment and related products which are sold primarily to the medical profession. Medco has owned and used the trademark and trade name "Medco" continuously since 1955 in marketing its products.

In 1966, Medco became aware that an Illinois corporation, Medco Hospital Supply Corporation (Hospital Supply) was marketing products similar to its own under the name "Medco". Hospital Supply refused to stop using the name "Medco" in marketing its products. Medco then filed a trademark infringement suit against it. As a result of the lawsuit, Hospital Supply was permanently enjoined from using the name "Medco" and Medco was awarded damages of $1,000.00.[2]

In filing its income tax returns for 1966 and 1967, Medco deducted attorney fees totalling $22,972.37, representing the amount it had expended in its successful trademark infringement action. These deductions were disallowed by the Commissioner. In affirming the Commissioner, the Tax Court held:

Legal expenses incurred by petitioner [Medco] in trademark infringement litigation which resulted in an injunction against another corporation and an award of $1,000 compensation for all damages and costs were not deductible as ordinary and necessary expenses under section 162, I.R.C.1954, but were capital expenditures.

■ The sole issue presented for review is whether the legal expenses incurred by Medco in the trademark infringement lawsuit are deductible as "ordinary and necessary" business expenses under 26 U.S.C.A. § 162, or whether such expenses must be capitalized. We hold that legal fees incurred in a trademark infringement action are not deductible as an "ordinary and necessary" business expense.

Section 162(a) provides:

There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, * * *

■ Deductions are a matter of legislative grace. *Moritz v. Commissioner of Internal Revenue*, 469 F.2d 466 (10th Cir. 1972); *Harper Oil Company v. United States*, 425 F.2d 1335 (10th Cir. 1970). Deductions must be predicated on statutory authorization. *Deputy Administratrix v. du Pont*, 308 U.S. 488, 60 S.Ct. 363, 84 L.Ed. 416 (1940); *Calvin v. United States*, 354 F.2d 202 (10th Cir. 1965). The burden is on the taxpayer to establish that a given expenditure is deductible. *National Farmers Union Service Corporation v. United States*, 400 F.2d 483 (10th Cir. 1968); *United States v. Intermountain Furniture Manufacturing Company, Inc.*, 363 F.2d 554 (10th Cir. 1966).

■ The origin and character of the claim for which an expense was incurred determines whether it is a deductible business expense. *United States v. Gilmore*, 372 U.S. 39, 83 S.Ct. 623, 9 L.Ed.2d 570 (1963). See also *Woodward v. Commissioner of Internal Revenue*, 397 U.S. 572, 90 S.Ct. 1302, 25 L.Ed.2d 577 (1970), wherein the Court reiterated the "origin test" and declined to adopt the "primary purpose" test urged by the taxpayer.

■ As a general proposition, when applying the rules above referred to, expenditures should be treated as "capital" in nature rather than as "ordinary and necessary" if they secure benefits which have a life of more than one year. *Clark Oil and Refining Corporation v. United States*, 473 F.2d 1217 (7th Cir. 1973); *Hotel Kingkade v. Commissioner*

---

1. Medco is the outgrowth of an Illinois corporation which was originally formed in 1946, then dissolved, supplanted by a partnership, and thereafter incorporated in Oklahoma.

2. Reported below at 287 F.Supp. 884 (N.D.Ill. 1968).

*of Internal Revenue*, 180 F.2d 310 (10th Cir. 1950). "Capital" expenditures are not deductible as "ordinary and necessary" business expenses. *Shutler v. United States*, 470 F.2d 1143 (10th Cir. 1972), cert. denied, 411 U.S. 982, 93 S.Ct. 2275, 36 L.Ed.2d 959 (1973); *United States v. Akin*, 248 F.2d 742 (10th Cir. 1957), cert. denied, 355 U.S. 956, 78 S.Ct. 542, 2 L.Ed.2d 532 (1958). Such expenditures do, however, encompass a variety of transactions, including, inter alia: condemnation litigation expenses to determine what the Government will pay a property owner for land, *Madden v. Commissioner of Internal Revenue*, 514 F.2d 1149 (9th Cir. 1975); expenses incurred in the defense or perfection of title to property, *Kasey v. Commissioner of Internal Revenue*, 457 F.2d 369 (9th Cir. 1972), cert. denied, 409 U.S. 869, 93 S.Ct. 197, 34 L.Ed.2d 120 (1972); payment in settlement of a suit seeking specific performance of an alleged contract, *Anchor Coupling Company v. United States*, 427 F.2d 429 (7th Cir. 1970), cert. denied, 401 U.S. 908, 91 S.Ct. 866, 27 L.Ed.2d 806 (1971); money expended in defending an action claiming an interest in oil and gas production, *Farmer v. Commissioner of Internal Revenue*, 126 F.2d 542 (10th Cir. 1942); and cf., litigation expenses are sometimes deductible, *Ransburg v. United States*, 440 F.2d 1140 (10th Cir. 1971).

█ Expenses, to be deductible as "ordinary and necessary", must be *incurred* in the operation of the business. *Commissioner of Internal Revenue v. Polk*, 276 F.2d 601 (10th Cir. 1960). And they must be *ordinary* and *necessary* in relation to the kind of trade or business in which the taxpayer is engaged. *Okemah National Bank v. Wiseman*, 253 F.2d 223 (10th Cir. 1958); *Hales-Mullaly v. Commissioner of Internal Revenue*, 131 F.2d 509 (10th Cir. 1942). In *Colorado Springs National Bank v. United States*, 505 F.2d 1185 (10th Cir. 1974), we held that a bank's organizational and promotional expenses for participation in a national credit card program were "ordinary and necessary" expenses in relation to the banking business and therefore deductible.

█ Based upon these standards we hold that the Tax Court properly affirmed the Commissioner's determination that the legal fees incurred by Medco in the prosecution of its trademark infringement action were not deductible. The deductions were not statutorily authorized. Their origin was "capital" in nature. They secured benefits which had a life of over one year, and the litigation expenses were not *incurred* in the operation of the taxpayer's business nor were they *ordinary* and *necessary* in relation to the business of marketing electrical therapeutic equipment and related products.

Our holding is not without support. In *Danskin, Inc. v. Commissioner of Internal Revenue*, 331 F.2d 360 (2nd Cir. 1964), the Court held that since the legal expenses incurred in a trademark infringement action "made more secure the taxpayer's property", the expenditures were capital in nature and not deductible as "ordinary and necessary". A similar ruling was rendered in *Georator Corporation v. United States*, 485 F.2d 283 (4th Cir. 1973). The Court there held that legal fees incurred while resisting a petition to cancel a trademark registration were "capital" expenditures.

We are not unmindful of Medco's contention that it was not *defending* its trademark but rather that it was *asserting* it. That distinction, in our judgment, is not dispositive. The efficacy of *Danskin* and *Georator* is reinforced by a review of 26 U.S.C.A. § 177, under which expenditures incurred by taxpayers in connection with trademarks and trade names may, at a taxpayer's election, be treated as deferred expenses and pro rated over a five year period. Under § 177, expenditures include:

—For purposes of subsection (a), the term "trademark or trade name expenditure" means any expenditure which—

(1) is directly connected with the acquisition, protection, * * * or defense of a trademark or trade name;

The scope of § 177 is further clarified by Treasury Regulation 26 C.F.R. 1.177–1(b)(1):

Generally, Section 177 will apply to expenditures such as legal fees and other costs in connection with the acquisition of a certificate of registration of a trademark from the United States or other government, * * * *litigation expenses connected with infringement proceedings*, and costs in connection with the preparation and filing of an application for renewal of registration and continued use of a trademark. (Emphasis supplied).

Had Congress seen fit to allow legal fees incurred in trademark and trade name litigation to be deducted as "ordinary and necessary" expenses, it would not have included such expenses within the ambit of § 177. The impetus for the Congressional adoption of § 177 and its intent are clear:

Under present law, expenditures paid or incurred by smaller companies in connection with trademarks and trade names, such as legal fees, are not deductible but must be capitalized. * * * However, certain larger corporations are in a position to hire their own legal staffs to handle such matters. Because of difficulties of identification, these large corporations deduct, in some instances, compensation paid to their legal staffs for performing the same functions. Smaller companies, however, cannot afford to maintain their own legal staffs but must acquire outside counsel to perform their legal work. By this amendment your committee intends to eliminate an existing hardship in the case of small companies.

The amendment made by your committee applies only to those expenditures paid or incurred directly in connection with the acquisition, protection, expansion, registration * * * of a trademark or trade name. Such trademark and trade name expenditures must be chargeable to a capital account.

1956 U.S.Code Cong. and Admin.News, pp. 2918–2919.

The intent of Congress is indeed clear. Medco did not opt for the favorable treatment of its litigation expenses under § 177, and the legal fees must therefore be capitalized.

Affirmed.