KARL K. AND SHIRLEY R. WILHELM, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Wilhelm v. Commissioner
Docket No. 1888-76.
United States Tax Court
T.C. Memo 1978-327; 1978 Tax Ct. Memo LEXIS 188; 37 T.C.M. (CCH) 1354; T.C.M. (RIA) 78327; August 17, 1978, Filed Robert M, Tyle, for the petitioners. George W. Connelly, Jr., for the respondent. DAWSON
MEMORANDUM FINDINGS OF FACT AND OPINION DAWSON, Judge: This case was assigned to and heard by Special Trial Judge Murray H. Falk pursuant to the provisions of section 7456(c) of the Internal Revenue Code[1] and Rules 180 and 181, Tax Court Rules of Practice and Procedure.[2] The Court agrees with and adopts his opinion which is set forth below. *190 OPINION OF THE SPECIAL TRIAL JUDGE FALK, Special Trial Judge: Respondent determined a deficiency of $ 524.80 in petitioners' 1972 federal income tax. Concessions having been made by both parties, the issues remaining for decision are: (1) To what extent, if any, petitioners are entitled to a deduction under section 162(a) for certain business expenses; (2) to what extent, if any, petitioners are entitled to a deduction under section 170 for charitable contributions in excess of the amount allowed by respondent; and (3) to what extent, if any, petitioners are entitled to deduct as a business expense under section 162(a) or as a charitable contribution under section 170 amounts paid to the Kiwanis Club. FINDINGS OF FACT Some of the facts have been stipulated, and those facts are so found. Petitioners filed their joint 1972 federal income tax return with the Internal Revenue Service Center at Andoever, Massachusetts. At the time the petition herein was filed, they resided in Painted Post, New York. Issue 1. Business Expenses
During 1972, petitioner Karl K. Wilhelm [3] was employed as an assistant principal at the Corning-Painted Post West High School in New York. *191 The Corning-Painted Post school system was composed of 2 high schools, 3 middle or junior high schools, and 13 elementary schools. As an assistant principal, petitioner was responsible for student discipline and attendance, computer scheduling and grading, student transportation, and other duties. He was expected, although not required, to attend job-related meetings and seminars and to serve on school and civic committees.
During 1972, petitioner attended many meetings at different locations throughout the county. At these meetings, he discussed the problems which his school and other schools in the county were experiencing. Petitioner drove his automobile to these meetings. He often purchased a dinner at the meetings. He was not reimbursed for these expenses. He maintained a pocket calendar and calendars at his office and home on which he made notations regarding, among other things, the mileage he traveled in attending these meetings. Petitioner often made the notations a week *192 to ten days after the meetings occurred. He later transferred the notations appearing on the pocket and office calendars to the home calendar. On his joint 1972 federal income tax return, petitioner claimed a deduction under section 162(a) for the following expenses: Business mileage
(11,248 miles at 12" per mile)
$ 1,349.76
Dinners purchased at meetings
182.00
Overnight lodging
47.40
The claimed deduction for overnight lodging represents the cost of having petitioner's wife accompany him to a convention in the Catskill Mountains. His wife's presence at the convention was not necessary to the conduct of petitioner's business and petitioner maintained no written records substantiating this expense. Respondent disallowed the claimed deductions in their entirety. Issue 2. Charitable Contributions
Petitioner and his family attended church on a regular basis during the tax year in question. They made their regular church contributions in cash, using an envelope system which entitled donors to receipts for their contributions. Petitioner and his family also contributed amounts of cash in connection with other church solicitations and activities, such *193 as the Sunday school. They did not utilize the envelope system for those contributions and received no receipts for them.In addition, petitioner served on the church council committee during 1972 and drove his automobile to attend council meetings. In addition to donating money to the church, petitioner contributed to various civic and charitable organizations by cash and by check. He received no receipts for his cash donations. In June, 1972, Hurricane Agnes struck the area in which petitioner lived, causing severe flooding and extensive damage. Petitioner worked as a volunteer and used his automobile to distribute food to evacuated flood victims. Also, during 1972, petitioner's wife volunteered her services as a leader of a Girl Scout troop in which petitioner's daughter was a member. His wife used the family automobile to transport members of the troop to various Girl Scout functions. Petitioner recorded on his various calendars the miles he and his wife traveled for charitable purposes and the cash they donated to the church and to other charities in the same manner in which he recorded the miles he drove to business meetings. On his joint 1972 federal income tax *194 return, petitioner claimed a charitable contributions deduction under section 170 of $ 943.66, which amount consisted of, among other things, transportation expenses incurred by petitioner in attending church council meetings ($ 26.60, computed on the basis of 380 miles at 7" per mile), transportation expenses incurred by petitioner in aiding flood victims ($ 208.80, computed on the basis of 3,480 miles at 6" per mile), Girl Scout registration fees and dues for petitioner's daughter ( $ 8 and $ 33, respectively), and transportation expenses incurred by petitioner's wife for Girl Scout activities ($ 190.26, computed on the basis of 2,718 miles at 7" per mile). Respondent detrmined that petitioner failed to substantiate all but $ 287 of these alleged contributions, but has since conceded that he is entitled to an additional charitable contribution of $ 50. Issue 3. Kiwanis Club
Petitioner was a member of the Painted Post Kiwanis Club. He was chairman of the Key Club committee which had a chapter at the Corning-Painted Post West High School, in which students were members. On his joint 1972 federal income tax return, petitioner deducted under section 162(a) the following *195 expenses incurred with respect to the Kiwanis Club: Dues
$ 24
Weekly dinner meetings
154
Weekly benevolence contributions
13
Annual benevolence contributions
10 lKey Club committee on youth
program dinner
4
The weekly and annual benevolence contributions represented collections to support activities such as a Cinderella team, a Little League team, sending children to summer camp, and establishing a memorial fund for the children of a deceased member. Respondent disallowed the above-mentioned deductions in their entirety. At trial, however, respondent agreed that a portion of the weekly and annual benevolence contributions might be deductible under section 170 as a charitable contribution. Respondent concedes that the Kiwanis Club is a type of organization described in section 170(c). OPINION The issues here are essentially factual. Petitioner, of course, has the burden of proving that respondent's determination is erroneous. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a), Tax Court Rules of Practice and Procedure.
Issue 1. Business *196 Expenses
Section 162(a) allows a deduction for ordinary and necessary expenses incurred in carrying on a trade or business. A taxpayer may deduct the cost of attending meetings if there is a sufficiently direct relationship between the carrying on of the taxpayer's trade or business and the meetings. Sec. 1.162-2(d), Income Tax Regs. Respondent does not contend that the meetings petitioner attended were not sufficiently related to his job but, rather, argues that petitioner failed adequately to substantiate the distance he claims to have traveled to attend those meetings. In an attempt to substantiate the distance he traveled, petitioner relies, almost entirely, upon the calendar he maintained at his home. [4] But, the calendar is not entitled to full weight. Petitioner kept the calendar at home. The notations appearing on it were not made contemporaneously with his travel and depended upon his recollections as much as one week to ten days later. Many of the mileage notations appearing on the home calendar were first recorded on the pocket or office calendars, *197 and then transferred to the home calendar, yet those other calendars were not produced at trial.Petitioner testified that he did not keep odometer readings, but merely estimated the distance he traveled in attending the meetings in question. Furthermore, the calendar contained mostly purported mileage figures without any description as to the destination or purpose of that travel. Consequently, even if we were to accept the mileage notations as being accurate (which we do not), we cannot determine whether the mileage recorded on the calendar represents travel to business meetings, travel to church council committee functions, travel for the aid of flood victims, or travel related to the Girl Scouts. Finally, such self-serving documentation is not totally reliable. See Berzon v. Commissioner,63 T.C. 601, 607 (1975), affd. 534 F.2d 528 (2d Cir. 1976); Wunderlich v. Commissioner,T.C. Memo. 1978-139. Nevertheless, we believe that petitioner incurred transportation expenses to attend business meetings. Utilizing our best judgment, and bearing heavily against petitioner, whose inexactitude is of his own making, we believe and therefore *198 hold that he is entitled to a transportation expense deduction in the amount of $ 600. [5]Cohan v. Commissioner,39 F.2d 540 (2d Cir. 1930). Petitioner contends that he is entitled to deduct as a business expense under section 162(a) the cost of dinners he purchased at the meetings. Section 262 disallows a deduction for personal, living, or family expenses, not otherwise expressly allowed. Section 162(a)(2) *199 authorizes a deduction for traveling expenses, including meals and lodging, while away from home in the pursuit of a trade or business. In United States v. Correll,389 U.S. 299 (1967), the Supreme Court ruled that the cost of meals incurred in the pursuit of a trade or business is deductible only if the trip requires sleep or rest. Inasmuch as petitioner attended local meetings, the cost of his meals taken at those meetings are not deductible under section 162(a)(2). They represent personal living expenses, the deduction of which is precluded by section 262. Neither is petitioner entitled to deduct the overnight lodging expenses he incurred for his wife to accompany him to a convention. Where one spouse accompanies the other on a business trip, the travel expenses are not deductible unless they are incurred for a bona fide business purpose. Fenstermaker v. Commissioner,T.C. Memo. 1978-210; sec. 1.162-2(c), Income Tax Regs. Petitioner's wife attended the convention primarily for purposes of vacationing in the Catskill Mountains. *200 Her presence at the convention was not necessary to the conduct of petitioner's business. See, e.g., Weatherford v. United States,418 F.2d 895 (9th Cir. 1969); United States v. Gotcher,401 F.2d 118 (5th Cir. 1968); Alabama-Georgia Syrup Company v. Commissioner,36 T.C. 747, 769 (1961), revd. on other grounds sub.nom. Whitfield v. Commissioner,311 F.2d 640 (5th Cir. 1962); Moorman v. Commissioner,26 T.C. 666 (1956); Fenstermaker v. Commissioner,supra.Furthermore, petitioner introduced no documentary or corroborating evidence with respect to this claimed deduction and, as such, he has failed to satisfy the rigid substantiation requirements of section 274(d)(1). Issue 2. Charitable Contributions
Section 170(a) allows as a deduction any charitable contribution the payment of which is made within the taxable year. The term charitable contribution is defined as a contribution or gift to or for the use of certain qualified charities. Sec. 170(c). Petitioner is not *201 entitled to deduct as a charitable contribution the dues, registration fees, and transportation expenses incurred with respect to the Girl Scouts. Clearly, the registration fees and dues do not qualify as a charitable contribution because they were made for the benefit of petitioner's daughter. See Winters v. Commissioner,468 F.2d 778 (2d Cir. 1972), affg. a Memorandum Opinion of this Court; Ginsberg v. Commissioner,46 T.C. 47 (1966); Dohrmann v. Commissioner,18 B.T.A. 66 (1929). Likewise, petitioner has failed to prove that the transportation expenses were incurred for a public or charitable purpose and not for the benefit of his daughter and other troop members. Petitioner is, however, entitled to a charitable contribution deduction for transportation expenses incurred as a flood volunteer and for attending church council committee meetings. Sec. 1.170A-1(g), Income Tax Regs. To substantiate the distance he claims to have traveled for charitable purposes, petitioner again relies principally on the home calendar and upon a summary sheet he prepared containing estimates of the miles he traveled *202 in 1972. But here, too, the calendar is entitled to little weight. The same defects are present with respect to the charitable contribution mileage notations as were present with respect to the business mileage notations. Similarly, the summary sheet is not probative of the distance petitioner traveled during the tax year in question. It was prepared by petitioner for use by his accountant in preparing his 1972 tax return. Petitioner testified that, at the end of 1972, he roughly reconstructed his charitable activities during the year and estimated the distance he probably traveled. Utilizing our best judgment under the circumstances, we find and therefore hold that petitioner drove his automobile 1,930 miles during 1972 for charitable purposes. [6]
To establish his entitlement to a charitable contribution deduction for his cash donations in excess of the amount allowed by respondent, petitioner once more relies on the home calendar. [7] However, petitioner kept the calendar at his home. Unless he took it with him, the entries *203 he made on it with respect to transactions away from his home were not made contemporaneously, and depended upon his recollections as much as a week later. Petitioner testified that some notations he made on the calendar reflect cash donated by his wife. These entries were made on the basis of what she told him, were not contemporaneous, and depended upon her recollections, as well. Petitioner did not obtain receipts or other documentation to substantiate his cash donations to the extent that he should have. See sec. 1.170A-1(a)(2)(iii), Income Tax Regs. Still, we are required to make an approximation of the amount of his qualifying charitable contributions in accordance with our best judgment. Cohan v. Commissioner,supra; see Mennuto v. Commissioner,56 T.C. 910, 923-924 (1971). All in all, we believe and therefore hold that petitioner is entitled to a total charitable contribution deduction in the amount of $ 522.80. Issue 3. Kiwanis Club
Petitioner contends that, inasmuch as the Kiwanis Club works with youths, the expenses he incurred as a member of that club *204 are sufficiently related to his work as an assistant principal so as to make them deductible under section 162(a). We disagree. To be deductible under section 162(a), expenses must be ordinary and necessary to and incurred in carrying on one's business. Commissioner v. Heininger,320 U.S. 467 (1943); Medco Products Co., Inc. v. Commissioner,523 F.2d 137, 139 (10th Cir. 1975), affg. 62 T.C. 509 (1974). The expenses in issue here were not incurred by petitioner in his capacity as an assistant principal but, rather, as a result of his desire to participate as a member of the Kiwanis Club. The relationship between his job and his membership in the club is just too tenuous to justify a deduction under section 162(a). However, we believe that petitioner is entitled to deduct a portion of his weekly and annual benevolence contributions as charitable contributions under section 170. It is clear that a portion of these funds was donated to a qualifying organization for charitable purposes.On the other hand, some of the contributions were earmarked *205 for the direct benefit of specified individuals and are, therefore, not deductible. Dohrmann v. Commissioner,supra.Utilizing our best judgment, we believe and therefore hold that petitioner is entitled to an additional charitable contribution deduction in the amount of $ 15. * * *
In accordance with the foregoing, Decision will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. ↩
2. Pursuant to the order of assignment, on the authority of the "otherwise provided" language of Rule 182, Tax Court Rules of Practice and Procedure↩, the post-trial procedures set forth in that rule are not applicable to this case.
3. Inasmuch as Shirley R. Wilhelm is a party to this proceeding primarily because she filed a joint return with her husband, for convenience we will refer to Karl K. Wilhelm as the petitioner.↩
4. Petitioner's 1972 tax return was also in evidence, but the return is merely a statement of petitioner's claim and does not establish the facts contained therein. Roberts v. Commissioner,62 T.C. 834, 837 (1974); Seaboard Commercial Corp. v. Commissioner,28 T.C. 1034, 1051↩ (1957). 5. Petitioner did not attend these meetings at his principal place of employment, i.e., the high school, and, consequently, the transportation expenses he incurred do not represent nondeductible commuting expenses. Cf. O'Hare v. Commissioner,54 T.C. 874 (1970); Gudmundsson v. Commissioner,T.C. Memo. 1978-299↩.
6. Petitioner concedes that he is entitled to a charitable contribution deduction for transportation expenses based on the rate of 6 cents per mile.↩
7. See footnote 4, supra↩.