DOROTHY E. WARNER, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 10435–76.      Filed March 28, 1978.

Dorothy E. Warner, pro se.
*Andrew M. Winkler,* for the respondent.

OPINION

DAWSON, *Judge:* Respondent determined a deficiency of $98.80 in petitioner's Federal income tax for the year 1974. The only

issue presented for decision is whether the petitioner is entitled to deduct under section 214, I.R.C. 1954,[1] expenses of $520 incurred by her during 1974 for the transportation of her pre-school-age son between her household and the Blue Ash Educational Building Child Care Center.

All of the facts are stipulated and found accordingly. The pertinent facts are summarized below.

Dorothy E. Warner (petitioner) was a legal resident of Milford, Ohio, when her petition was filed in this case.

Petitioner filed her Federal income tax return for the year 1974 with the District Director of Internal Revenue, Cincinnati, Ohio. On that return petitioner claimed a $1,820 deduction for dependent care services for her pre-school-age son, Lincoln. Of the amount claimed, $1,300 represented the costs incurred in 1974 for dependent care services for Lincoln at the Blue Ash Educational Building Child Care Center, Blue Ash, Ohio, and was allowed by respondent. The balance of $520 represents the expense incurred by petitioner in 1974 for the transportation of Lincoln between her household and the child care center. Such amount was disallowed by respondent for the reason that "transportation costs are not deductible under section 214."

For years prior to 1976, section 214[2] allowed a child care and disabled dependent care deduction for qualifying employment-related expenses. For years after 1975 the deduction for child and dependent care expenses was repealed and replaced by a tax credit under section 44A.

Section 214 did not attempt to define or describe what

---

[1] All statutory references are to the Internal Revenue Code of 1954, as amended and in effect during the year in issue.

[2] SEC. 214.(a) ALLOWANCE OF DEDUCTION.—In the case of an individual who maintains a household which includes as a member one or more qualifying individuals (as defined in subsection (b)(1)), there shall be allowed as a deduction the employment-related expenses (as defined in subsection (b)(2)) paid by him during the taxable year.

  (b) DEFINITIONS, ETC.—For purposes of this section—
    (1) QUALIFYING INDIVIDUAL.—The term "qualifying individual" means—
      (A) a dependent of the taxpayer who is under the age of 15 and with respect to whom the taxpayer is entitled to a deduction under section 151(e),
      (B) a dependent of the taxpayer who is physically or mentally incapable of caring for himself, or
      (C) the spouse of the taxpayer, if he is physically or mentally incapable of caring for himself.
    (2) EMPLOYMENT-RELATED EXPENSES.—The term "employment-related expenses" means amounts paid for the following expenses, but only if such expenses are incurred to enable the taxpayer to be gainfully employed:
      (A) expenses for household services, and
      (B) expenses for the care of a qualifying individual.

expenses constitute those for the "care" of a qualifying individual. However, it is clear from the provisions of section 262 and the regulations under sections 262 and 214 that transportation costs do not constitute such an expense. Section 262 provides:

Except as otherwise expressly provided by this chapter [which includes section 214], no deduction shall be allowed for personal, living, or family expenses.

The petitioner's expenses for the care and transportation of her son come within the purview of section 262. Section 214 expressly provided for a deduction with respect to "expenses for the care of a qualifying individual," but contained no express provision relating to transportation expenses. Consequently, such expenses are not deductible under section 214.

The applicable Treasury regulations are consistent with sections 262 and 214. Section 1.262-1(b)(5), Income Tax Regs., indicates that transportation expenses are not deductible under section 214. It provides:

transportation expenses are not deductible unless they qualify as expenses deductible under section 162, sec. 1.162-2, and paragraph (d) of sec. 1.162-5 (relating to trade or business expenses), section 170 and paragraph (a)(2) of sec. 1.170-2 or paragraph (g) of sec. 1.170A-1 (relating to charitable contributions), section 212 and sec. 1.212-1 (relating to expenses for production of income), section 213(e) and paragraph (e) of sec. 1.213-1 (relating to medical expenses) or section 217(a) and paragraph (a) of sec. 1.217-1 (relating to moving expenses). * * *

Section 1.214A-1(c)(3)(i), Income Tax Regs., provides:

Expenses incurred for transportation of a qualifying individual described in paragraph (b)(1)(i) of this section between the taxpayer's household and a place outside the taxpayer's household where services for the care of such qualifying individual are provided will not be considered to be incurred for the care of such qualifying individual.

It is plain that the claimed transportation expense deduction must be disallowed if the regulations quoted above are valid. We think they are valid, and therefore we are compelled to sustain the respondent's determination in this case. As the Supreme Court said in *United States v. Correll*, 389 U.S. 299, 307 (1967), "The role of the judiciary in cases of this sort begins and ends with assuring that the Commissioner's regulations fall within his authority to implement the congressional mandate in some reasonable manner." The Supreme Court has held that Treasury

regulations constitute contemporaneous constructions of statutes by those charged with the administration thereof which should not be overruled except for weighty reasons, but must be sustained unless unreasonable and plainly inconsistent with the statutes. *Commissioner v. South Texas Lumber Co.*, 333 U.S. 496 (1948). It is also settled law that Treasury regulations and interpretations long continued without substantial change, applying to unamended or substantially reenacted statutes, are deemed to have received congressional approval and have the effect of law. *Helvering v. Winmill*, 305 U.S. 79 (1938); *Commissioner v. Estate of Noel*, 380 U.S. 678 (1965); *Fribourg Navigation Co. v. Commissioner*, 383 U.S. 272 (1966); and *United States v. Correll, supra.*

In our opinion the regulations applicable here clearly come within the ambit of respondent's authority to implement the congressional mandate in a reasonable manner. When Congress has intended to permit a deduction for transportation expenses that would otherwise constitute personal expenses, it has expressly said so. For example, see secs. 213(e)(1)(B) and 217(b)(1)(B) and (C). In section 214 Congress has only provided for the deduction of expenses for the "care" of a qualifying individual.

It is important to note that section 214 was amended in 1963 (Pub. L. 88–4), in 1964 (Pub. L. 88–272), and in 1971 (Pub. L. 92–178). As pointed out previously, it was repealed in 1976 and replaced by section 44A. Presumably Congress was aware of respondent's regulations when section 214 was amended and when it enacted section 44A, and yet it made no provision for the deduction of transportation expenses in these circumstances.

Petitioner argues fervently that the regulation under section 214 is "unfair and inconsistent with other areas of the regulations."[3] She also attacks the "lack of logic" in section 1.214A–1(c)(3)(i), Income Tax Regs., and asserts that it shows "a real lack of ability to relate to the taxpayers who really need to use the deduction."

We recognize that there is some connection, as petitioner contends, between the expenses incurred for the "care" of Lincoln at the day care center and the cost of transporting him

---

[3]Petitioner says that transportation is a part of the "overall expense" and cites the regulations permitting transportation deductions for charitable purposes, for medical care and for getting a traveling salesman to and from his destination.

there. But that alone does not make the transportation expenses deductible. A line must be drawn somewhere between expenses for the "care" of a qualifying individual and those which are personal. We think respondent's regulation has drawn the line in a manner which is not unreasonable. In an economic or tax sense there is indeed some degree of "inequity" in this situation. However, it is well established that deductions are matters of legislative grace, *New Colonial Ice Co. v. Helvering*, 292 U.S. 435 (1934), and Congress has not specifically provided for a transportation expense deduction in this instance. There is no twilight zone here. This Court would be plainly legislating if it were to assist the Congress by writing such an exception into the law. It is our function to interpret the statute and regulations so as to promote and effectuate the disclosed intent of Congress. We have done so here.

Accordingly, we hold that the claimed expense of transporting Lincoln to and from the day care center is not deductible under the provisions of section 214 as implemented by section 1.214A–1(c)(3)(i), Income Tax Regs.

*Decision will be entered for the respondent.*