THOMAS G. HERDER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Herder v. Commissioner
Docket No. 3784-78.
United States Tax Court
T.C. Memo 1979-323; 1979 Tax Ct. Memo LEXIS 204; 38 T.C.M. (CCH) 1244; T.C.M. (RIA) 79323; August 20, 1979, Filed Thomas G. Herder, pro se. Edward F. Peduzzi, Jr., for the respondent. FEATHERSTON
MEMORANDUM FINDINGS OF FACT AND OPINION FEATHERSTON, Judge: Respondent determined deficiencies in the amounts of $332 and $74 in petitioner's Federal income tax for 1974 and 1975, respectively. As a result of certain concessions by petitioner, the only issues remaining for decision are: 1. Whether petitioner is entitled to deduct in 1974, as employee business expenses under section 162(a), [1]/ the sum of $1,752 paid or incurred for transportation, meals, and lodging for his two *205 minor children who accompanied him to Europe where he was employed during the summer of 1974. 2. Alternatively, if not deductible as employee business expenses under section 162(a), whether such sum of $1,752 is deductible in 1974 as "child care" expenses under section 214. FINDINGS OF FACT Petitioner Thomas G. Herder (hereinafter petitioner) was a legal resident of Greenville, Pennsylvania, when he filed his petition. Petitioner filed an individual Federal income tax return for 1974 showing his filing status as "Unmarried Head of Household." Petitioner was divorced prior to 1974 and has legal custody of his two minor children, William Herder and Randolph Herder, both of whom were claimed as dependency exemptions on his 1974 income tax return. In the summer of 1974, petitioner accepted employment with Genesco, Inc. (Genesco) as an interpreter. Petitioner's duties required him to travel to Europe, and his two children, then aged 8 and 9, accompanied him. While petitioner traveled in Europe in the performance of his duties, his *206 children stayed at least part of the time with a French family. On his income tax return for 1974, petitioner reported as income the sum of $1,500 which he received from Genesco as compensation. Also on that return petitioner deducted $2,400, or $200 a month for the entire year, as "child care" expense and $2,754 as employee business expense. Of the claimed employee business expenses, $1,752 represented expenses incurred in Europe for transportation, meals, and lodging for petitioner's children. Respondent determined that petitioner was not entitled to deduct $252 of the claimed "child care" expense and $1,752 of the employee business expense. Petitioner has conceded that he was not entitled to the $252 claimed "child care" expense, but contests the disallowance of the $1,752 employee business expense item. OPINION Issue 1. Employee Business Expense
Petitioner contends that the costs, totaling $1,752, of airfare, meals, and lodging for his two minor sons, incurred in their travel and stay in Europe, are ordinary and necessary business expenses and are, therefore, deductible under section 162(a). We disagree. Section 162(a) provides, in part: (a) In General. *207 --There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including-- * * *
(2) traveling expenses (including amounts expended for meals and lodging other than amounts which are lavish or extravagant under the circumstances) while away from home in the pursuit of a trade or business * * * The principle governing the treatment of expenses incurred by family members who accompany a taxpayer on a business trip is stated in section 1.162-2(c), Income Tax Regs., as follows: (c) Where a taxpayer's wife accompanies him on a business trip, expenses attributable to her travel are not deductible unless it can be adequately shown that the wife's presence on the trip has a bona fide business purpose. The wife's performance of some incidental service does not cause her expenses to qualify as deductible business expenses. * * * Petitioner has failed to prove that his sons' presence in Europe during his business trip had a bona fide business purpose, see Weatherford v. United States,418 F.2d 895, 897 (9th Cir. 1969), and, therefore, the $1,752 is not deductible under *208 section 162(a). The expenses incurred on behalf of the children were nondeductible personal expenses. Issue 2. Child Care Expense
There remains the issue as to whether the $1,752 which was expended to cover the costs of transportation, meals, and lodging for petitioner's children while in Europe, though not deductible as a business expense, nonetheless is deductible as "child care" expenses under section 217. It is our opinion that it is not. Section 214, as in effect during 1974, allowed as a deduction expenses (not to exceed $400 a month) paid during the taxable year for the care of dependents if, among other requirements, such care was for the purpose of enabling "the taxpayer to be gainfully employed." The expenses of $1,752 were incurred for "the transportation, meals, and lodging" of the children. However, neither transportation expenses, cf. Warner v. Commissioner,69 T.C. 995, 997 (1978), nor food, sec. 1.214A-1(c)(3)(i), Income Tax Regs., [2]/ are deductible under section 214. Although it was stipulated that petitioner's children stayed part-time with a French family while in Europe, we are unable to ascertain from the evidence presented *209 how much, if any, of the $1,752 was expended for the care provided by the French family or for the children's lodging while in Europe. Petitioner thus has failed to show he is entitled to any deduction under section 214. To reflect the concessions made by petitioner and the foregoing, Decision will be entered for the respondent.
Footnotes
1. /↩ All section references are to the Internal Revenue Code of 1954, as in effect during the years in issue, unless otherwise noted.
2. /Sec. 1.214A-1(c)(3)(i), Income Tax Regs.↩, provides that "amounts paid to provide food, clothing, or education are not expenses paid for the care of a qualifying individual."