LEROY H. NYHUS AND MARTHA K. NYHUS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Nyhus v. Commissioner
Docket No. 9544-77.
United States Tax Court
T.C. Memo 1979-519; 1979 Tax Ct. Memo LEXIS 2; 39 T.C.M. (CCH) 801; T.C.M. (RIA) 79519; December 31, 1979, Filed *2 1. Petitioners must include in income for 1975 a refund of State income tax deducted in 1974 and received in 1975. 2. Petitioners are not entitled to deduct as a charitable contribution expenses incurred in driving students of a school where Martha taught from their homes to the school and back home. 3. Amount of deductible child care expenses determined. Leroy H. Nyhus and Martha K. Nyhus, pro se. Robert F. Cunningham, for the respondent. DRENNEN
MEMORANDUM FINDINGS OF FACT AND OPINION DRENNEN, Judge: Respondent determined a deficiency in petitioners' 1975 Federal income tax of $1,303.74 and a section 6653(a), I.R.C. 1954, [1] addition to tax of $65.19. In computing the amount of the deficiency, respondent determined that petitioners were subject to self-employment taxes in the amount of $236.50. Respondent has conceded that petitioners are not subject to the section 6653(a) addition to tax and the self-employment taxes. Due to other concessions the principal issues remaining for our decision are: (1) Whether petitioners received in 1975 a refund of Minnesota State income taxes paid in 1974 in the amount of $330.17 which is includable in income for 1975; (2) whether petitioners *3 have established that they are entitled to include in their charitable contribution deduction the amount of $644.70 for transportation costs; and (3) what, if any, amount in excess of the $691 conceded by respondent are petitioners entitled to deduct as child care expenses. FINDINGS OF FACT LeRoy H. Nyhus (hereinafter LeRoy) and Martha K. Nyhus (hereinafter Martha), husband and wife, resided in Delano, Minn., at the time their petition herein was filed. (LeRoy and Martha will sometimes hereinafter be referred to as petitioners.) Petitioners timely filed a joint Federal income tax return for 1975. State income taxes
Petitioners filed a joint Federal income tax return for 1974 on which they claimed an itemized deduction of $1,167.07 for State and local income taxes. Petitioners filed a combined 1974 Minnesota individual income tax return [2] *4 on which was shown: (a) An income tax due of $913.78; (b) an income tax withholding of $1,167.07 and a tax credit of $86.88; and (c) a refund claim of $340.17 A warrant was issued by the State of Minnesota on May 15, 1975, payable to LeRoy H. and Martha Nyhus, in the amount of $330.17. [3] The warrant is stamped "REDEEMED STATE TREASURER OF MINNESOTA" and bears the endorsement "FOR DEPOSIT ONLY /s/ LeRoy H. Nyhus." LeRoy identified the signature as a "likeness" of his own. Petitioners received and negotiated the warrant. Petitioners did not include any amount in income for 1975 as a refund received in 1975 of 1974 State income taxes. Responent determined that petitioners must include $330.17 in 1975 income as a refund of 1974 State income taxes received in 1975. Charitable contributions and child care expenses
During 1975 petitioners had one child, a son, who was born in July 1971. During 1975 Leroy was employed as a civil engineer and Martha was employed as a teacher at the Good Shepherd Lutheran Church Christian School. The school was located aproximately 30 miles from petitioners' home. On those days during the periods January - May (100 days) and *5 September - December (75 days) 1975 when she taught school, Martha would take petitioners' son from their home to the home of Mrs. Schuster, who took care of the child during the day. Mrs. Schuster's home was approximately 5 miles from the school and 35 miles from petitioners' home. Petitioners were not related to Mrs. Schuster. They paid her $4 per day during the period January - May, and $5 per day during the period September - December to take care of their son. The payments were made both by check and in cash. After leaving her son with Mrs. Schuster, Martha would drive to a number of students' homes, pick up the students, and then drive to school. The procedure was reversed when school was finished for the day. Martha transported the students from school to their homes, then she drove to Mrs. Schuster's home to pick up her son, and then she drove home. Martha was not required as a condition of her employment to transport the students between their homes and the school, nor did she do so pursuant to an agreement between petitioners and the school. She volunterred to do so, however, because the school could not afford bus service and the students had no other way to get *6 to school. On their return petitioners included in their charitable contribution deduction [4] automobile expenses incurred by Martha in transporting the students to and from the school. The expenses were calculated as follows: (a) January - June (105 days)
52 miles per day at $.07 per mile
$382.20
(b) September - December (75 days)
50 miles per day at $.07 per mile
262.50
$644.70
The daily mileage for the two periods is different because Martha was not transporting the same students during both periods. Respondent disallowed the charitable contribution deduction claimed for transportation of students because petitioners failed to establish both that the expenses were deductible as charitable contributions and that the expenses were in fact incurred. Petitioners also deducted on the joint return child care expenses in the amount of $1,264.41, which they computed as follows: (a) January - May (100 days)
(1) fees paid to Mrs. Schuster: $4 per day $ 400.00
(2) transportation costs: 50 miles per day at $.15 per mile
750.00
(b) September - December (75 days)
(1) fees paid to Mrs. Schuster: $5 per day
375.00
(2) transportation costs: 50 miles
per day at $.15 per mile
562.50
$2,087.50
(c) Average monthly cost for 9 mos.:
$ 231.94
*7 Because the average monthly cost was greater than the $200 maximum monthly deduction allowed by section 214(c)(2)(B)(i), petitioners used the $200 per month amount, subject to a further reduction in accordance with section 214(d), [5] in determining the claimed $1,264.41 deduction. In the statutory notice of deficiency respondent disallowed the entire child care expense deduction because petitioners "did not establish that the amount shown was paid for the care of a qualifying individual." Respondent has conceded that petitioners' son was a "qualifying individual" for purposes of section 214 and that petitioners incurred $691 in deductible child care expenses. OPINION As a preliminary matter, we must address petitioners' argument that respondent cannot challenge the correctness of what was reported on petitioners' 1975 joint return because he stipulated to the authenticity of and introduced in evidence a copy of the return. petitioners misconstrue the nature of respondent's stipulation. Respondent at no time stipulated that petitioners' joint return correctly reflected petitioners' income for 1975. *8 Respondent only stipulated that the document received as evidence was a copy of the return which petitioners filed for 1975. Furthermore, a tax return is merely a statement of the taxpayer's claim and it is not presumed to be correct. Roberts v. Commissioner, 62 T.C. 834, 837 (1974). State income tax
Petitioners claimed a deduction on their 1974 joint Federal income tax return for the amount of Minnesota State income tax withheld from their wages in 1974. On their 1974 combined Minnesota State income tax return, petitioners claimed a refund of $340.17. A warrant was issued by the State of Minnesota in May 1975 to petitioners in the amount of $330.17. The warrant was stampted "REDEEMED STATE TREASURER OF MINNESOTA" and bears the endorsement "FOR DEPOSIT ONLY /s/ LeRoy H. Nyhus." LeRoy identified the signature as a "likeness" of his own. Petitioners did not include any amount in income for 1975 as a refund of 1974 State income taxes. Repondent determined that petitioners must include $330.17 in their 1975 income as a refund of 1974 State income taxes received in 1975. Petitioners' principal argument in opposition to respondent's determination is that they did not receive the *9 refund. LeRoy testified that he did not remember receiving the warrant and that a search of his records did not produce any evidence that petitioners received it. While we agree with petitioners that it is difficult to prove that they did not recieve the warrant, they have the burden of so proving because respondent's determination is presumed to be correct. Rule 142, Tax Court Rules of Practice and Procedure. Respondent introduced the warrant in evidence, and LeRoy identified the endorsing signature thereon as bearing a likeness to his own. Petitioners have not introduced any convincing evidence to lead us to believe that they did not both receive and negotiate the warrant. Accordingly, we have found that they both received and negotiated it. Petitioners advance two additional arguments in opposition to respondent's determination, neither of which is persuasive. The first argument is that the amount of the warrant is not includable in income because the unit of accounting for income tax purposes is the "dollar," and petitioners did not receive "dollars" in receiving the warrant. [6] We have found that petitioners received and negotiated the warrant. Thus, petitioners received *10 "dollars" equal to the face amount of the warrant when the warrant was redeemed or deposited. Petitioners' second argument is that they are not on the cash method of accounting and they do not have to include the refund in income when received. Section 446(a) provides that taxable income shall be computed under the method of accounting generally used by the taxpayer in keeping his books. The evidence introduced indicates that petitioners used the cash receipts and disbursements method. In any event, petitioners did not introduce evidence to the contrary. Accordingly, we conclude that petitioners utilized the cash method of accounting and that they must include the State income tax refund in income in 1975 when it was received. [7] *11 Charitable contributions
On their joint return petitioners took a charitable contribution deduction in the amount of $644.70 for automobile expenses incurred by Martha in voluntarily transporting students to and from the school at which she taught. Deductions from income are a matter of legislative grace, and petitioners must show that they come within the express provisions of the statute. New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). Petitioners have the burden of proving respondent's determination is incorrect. Welch v. Helvering, 290 U.S. 111 (1933); Rule 142(a), Tax Court Rules of Practice and Procedure.
Section 170(c) defines those charitable contributions for which a deduction is allowable under section 170(a). Section 170(c)[8] *13 *14 limits the term "charitable contribution" to mean a contribution or gift "to or for the use of" certain described organizations. *12 Thus, even though a deduction may be allowable for unreimbursed transportation expenses incurred in rendering services to an organization described in section 170(c), see sec. 1.170A-1(g), Income Tax Regs., a deduction will not be allowable if the recipient is not within that description. While the Good Shepherd Lutheran Church Christian School is included within the described organizations, the individual students transported by Martha are not so included. Although the transportation of students to the school may have been incidentally beneficial to the Good Shepherd Lutheran Church Christian School, the principal benefit was to the students transported. Without this transportation, those students would not have been able to attend this school. "The presence of a substantial, direct, personal benefit * * * to someone *15 * * * other than the charity is fatal to the claim for a charitable contribution." Tate v. Commissioner, 59 T.C. 543, 550 (1973). The transportation costs incurred by Martha were not contributions to or for the use of the Good Shephered Lutheran Church Christian School. The fact that more than one student received the benefit does not change the result because the students as a group are not included within the list of described organizations. While Martha must be commended for her efforts in this regard, the financial costs of such efforts are not deductible as a charitable contribution. We add that the evidence does not support petitioners' claim that Martha drove 50 miles a day transporting the students from their homes to school and back home. Child care espenses
On their joint return for 1975 petitioners deducted child care expenses in the amount of L1,264.41, which deduction was composed of two types of expenses, babysitting fees paid to Mrs. Schuster ( $775) and transportation expenses ($1,312.50). [9]
Prior to its *16 repeal by section 506(b)(1), 1976 Tax Reform Act, section 214 provided that in case of an individual who maintains a household which includes as a member a qualifying individual, there shall be allowed as a deduction the employment-related expenses paid by him during the year. Employment-related expenses included expenses paid for the care of a qualifying individual if incurred to enable the taxpayer to be gainfully employed. The deduction was limited to $200 per month for one qualifying individual. Respondent concedes that petitioners incurred $691 in deductible child care expenses, which amount represents the sum of checks written by petitioners either to Mrs. Schuster or Countryway Preschool for the care of petitioners' son. No deduction was allowed for any transportation costs incurred by petitioners i transporting their son between their home and Mrs. Schuster's home. Thus, for our decision is whether petitioners are: (1) Entitled to a deduction for cash payments made to Mrs. Schuster; and (2) whether petitioners are entitled to any deduction for transportation expenses. Martha testified at trial as to the fees petitioners paid to Mrs. Schuster for the care of petitioners' *17 son. [10] *18 These fees were paid both in cash and by check. We found Martha's testimony to be candid and forthright. Based on the checks received in evidence and Matha's testimony, we have found that petitioners paid Mrs. Schuster $775 during 1975 for taking care of the child. Accordingly, we conclude that petitioners incurred deductible child care expenses in the amount of $775, subject, however, to any limitations provided by law. We must also decide whether petitioners are entitled to a child care expense deduction for transportation expenses incurred in transporting their child between their home and Mrs. Schuster's home. Section 1.214A-1(c)(3)(i), Income Tax Regs., provides: Expenses incurred for transportation of a qualifying individual described in paragraph (b)(1)(i) of this section between the taxpayer's household and a place outside the taxpayer's household where services for the care of such qualifying individual are provided will not be considered to be incurred for the care of such qualifying individual. In Warner v. Commissioner, 69 T.C. 995 (1978), this Court upheld the validity of the respondent's regulation in determining that the taxpayer therein was not entitled to a deduction for transportation expenses which are the same type as involved in this case. Petitioners have not advanced any argument which persuades us that respondent's regulation is invalid or that Warner was incorrectly decided.[11] *19 Accordingly, we hold that petitioners are not entitled to any child care expense deduction for transportation expenses. [12]
Decision will be entered under Rule 155. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as amended and in effect for the taxable year in issue.↩
2. A combined return is a return where, although only one form is used, petitioners elected a married, filing separately status.
3. No explanation was offered for the $10 difference between the amount of the refund claimed and the amount of the warrant.↩
4. On their return petitioners claimed a charitable contribution deduction of $2,688.59, of which amount respondent has conceded the deductibility of $2,043.89↩
5. Petitioners reported adjusted gross income of $19,428.30 on their joint return.↩
6. See Nyhus v. Commissioner, 594 F.2d 1213↩ (8th Cir. 1979), involving the same taxpayers and a similar argument.
7. Petitioners did not argue that a refund of State income taxes is not income in and of itself, nor did they cite the exclusion provisions of sec. 111. There is no question that a refund of State income taxes for which a deduction has previously been taken is income within the purview of sec. 61, see Rothensies v. Electric Storage Battery Co., 329 U.S. 296 (1946), Security Flour Mills Co. v. Commissioner, 321 U.S. 281 (1944), subject, of course, to a possible exclusion from income in accordance with sec. 111. This section is of no benefit to petitioners, however, because application of the section results in a recovery exclusion of zero. See sec. 1.111-1(b), Income Tax Regs.↩
8. Sec. 170(c) provides: For purposes of this section, the term "charitable contribution" means a contribution or gift to or for the use of-- (1) A State, a possession of the United States, or any political subdivision of any of the foregoing or the United States or the District of Columbia, but only if the contribution or gift is made for exclusively public purposes. (2) A corporation, trust, or community chest, fund, or foundation-- (A) created or organized in the United States or in any possession thereof, or under the law of the United States, any State, the District of Columbia, or any possession of the United States; (B) organized and operated exclusively for religious, charitable, scientific, literary, or educational purposes or for the prevention of cruelty to children or animals; (C) no part of the net earnings of which inures to the benefit of any private shareholder or individual; and (D) no substantial part of the activities of which is carrying on progranda, or otherwise attempting, to influence legislation, and which does not participate in, or intervene in (including the publishing or distributing or statements), any political campaign on behalf of any candidate for public office. A contribution or gift by a corporation to a trust, chest, fund, or foundation shall be deductible by reason of this paragraph only if it is to be used within the United States or any of its possessions exclusively for purposes specified in subparagraph (B). (3) A post or organization of war veterans, or an auxiliary unit or society or, or trust or foundation for, any such post or organization-- (A) rganized in the United States or any of its possessions, and (B) no part of the net earnings of which inures to the benefit of any private shareholder or individual. (4) In the case of a contribution or gift by an individual, a domestic fraternal society, order, or association, operating under the lodge system, but only if such contribution or gift is to be used exclusively for religious, charitable, scientific, literary, or educational purposes, or for the prevention of cruelty to children or animals. (5) A cemetery company owned and operated exclusively for the benefit of its members, or any corporation chartered solely for burial purposes as a cemetery corporation and not permitted by its charter to engage in any business not necessarily incident to that purpose, if such company or corporation is not operated for profit and no part of the net earnings of such company or corporation insures to the benefit of any private shareholder or individual. For purposes of this section, the term "charitable contribution" also means an amount treated under subsection (h) as paid for the use of an organization described in paragraph (2), (3), or (4).↩
9. The total of the expenses deducted is less than the amount claimed to have been paid because of the application of the sec. 214(c)(2)(B)(i) and (d) limitations.↩
10. Both at trial and on brief, petitioners contend, based on the way in which respondent explained the disallowance of the claimed child care expense deduction, that the only issue was whether the individual for whom amounts were expended was a qualified individual and not whether the petitioners could substantiate the payment of the amounts claimed. Because of the ambiguity with which the statutory notice was worded, we do not believe that the question of the substantiation of the claimed expenses was a "new matter" which the respondent was required to affirmatively plead in his answer in order to place in issue. Our decision is reinforced by petitioners' general assignment of error in their petition and the absence of any apparent disadvantage to petitioners in having the Court consider the question.
11. Petitioners' argument that sec. 1.214A-1(c)(3)(i), Income Tax Regs, is inapplicable because it was approved after 1975 is without merit. Subject to limitation for abuse of discretion, respondent has the authority to prescribe the retroactive effect to be given to regulations. Sec. 7805(b). Respondent provided the sec. 1.214A, Income Tax Regs., was applicable to taxable years beginning after Dec. 31, 1971. T.D. 7411, 1976-1 C.B. 72↩. 12. It also appears that a large part of the transportation expense would be allocable to nondeductible commuting expense in getting Martha to and from her place of business. Although respondent's first explicit mention of the applicability of sec. 1.214A-(c)(3)(i), Income Tax Regs., was made in his original brief, for the reasons previously set forth, see n. 10, we do not believe this is a "new matter" which respondent is precluded from raising. Compare Estate of Finder v. Commissioner, 37 T.C. 411, 422-423 (1961), with Estate of Horvath v. Commissioner, 59 T.C. 551↩ (1973).