Marion T. **WEATHERFORD** and Leona A. Weatherford, Plaintiff-Appellees,

v.

**UNITED STATES** of America, Defendant-Appellant.

No. 24189.

United States Court of Appeals Ninth Circuit.

Nov. 6, 1969.

Gilbert E. Andrews (argued), Johnnie M. Walters, Asst. Atty. Gen., Tax Div., Lee A. Jackson, Jonathan S. Cohen, Edward Lee Rogers, Dept. of Justice, Washington, D. C., Jack Wong, Asst. U. S. Atty., Sidney I. Lezak, U. S. Atty., Portland, Or., for appellant.

H. Myron Gleason (argued), of Pattullo, Gleason & Hinson, Portland, Or., for appellees.

Before BARNES, ELY, and HUF-STEDLER, Circuit Judges.

BARNES, Circuit Judge:

The sole question before us is whether a taxpayer may deduct his wife's traveling expenses incurred in a trip to the Orient with him as an ordinary and necessary business expense, the taxpayer being a wheat farmer.

The facts were agreed upon by the parties. The district court held the taxpayer could deduct his and his wife's expenses. The Government has not appealed from the allowance of his expenses, but asserts there is insufficient evidence to bring the wife's expenses

within the statutory provisions of Section 162(a) of the Internal Revenue Code of 1954.

Taxpayer's eighty-six day trip was partly business and partly pleasure. At least thirty-two days were "pure pleasure," or "mostly a vacation" in taxpayer's own words. About forty days were part business, but included some sightseeing.[1]

The Government states, and there is no denial, that the record discloses:

"The taxpayer did not sell wheat directly to any of the people he contacted on his trip in 1963 because such foreign sales were beyond the scope of his operation and his facilities. (Dep. 96; II-R. 66.)

"The taxpayer's wife does not work on the ranch, is not a partner in the ranch business, and is not engaged in public relations for either the ranch or the wheat industry in this country. Instead, she spends most of her energy on women's club work and on conservation matters and leaves the public relations work to her husband. She is not an expert miller or baker and she is not a nutrition expert or anything of that sort. (II-R. 64–65, 97; Dep. 39, 69–70.)

"On the 1963 trip, the taxpayer's wife accompanied her husband to business meetings. For example she was with him at a luncheon with flour millers outside of Tokyo, on an evening of business and pleasure when he met with the agricultural attache in Tokyo, at a demonstration of the use of wheat as a product being promoted by the Oregon Wheat Growers Association, and at a noodle factory when it was shown how noodles were made out of wheat, which taxpayer's wife found particularly interesting. Taxpayer's wife was intensely interested in the wheat program for she had been interested in the initial creation of the Oregon Wheat Commission and the wheat tax to promote the sale of

---

1. The precise division of days between "pleasure" and "business" is described in detail in the Government's Brief, pages 8–11.

wheat, and she was very much interested in seeing the progress that had been made in the market development program. She did not remember having advised Government trial counsel that she did not have a business purpose for the trip. Instead, she testified that if there had not been any business interest for taking the trip, there would not have been any trip. She did not testify that she had a specific business purpose to perform for her husband and she remembered that she anticipated the pleasure of the trip with a great deal of excitement. (II-R. 73–75.)

"Taxpayer testified that he talks to his wife generally about business and that she helps him think. He also testified that she attended the business meetings on the trip and addressed a nutrition group once. (II-R. 56–57.) Taxpayer also testified that he thought her presence on the trip as his wife helped in establishing better personal relationships with the business people he contacted than would have been possible had he traveled alone. (II-R. 60–61; Dep. 69–70.)" (Brief for Appellant, pp. 11–12.)

While *interested* in her husband's business, the wife had no specific business *purpose* in making the trip.

We believe the district court erred, after finding the husband's trip had a business purpose, in finding the wife's participation was "of equal importance to that of her husband," and her expenses therefore a part of taxpayer's ordinary and necessary business expense. We not only hold the court's findings was factually erroneous, but erroneous as a matter of law. A wife's travel expenses are not deductible unless it is shown that she provided *substantial* services *directly* and *primarily* related to the carrying on of her husband's *business*. We cannot hold "the particular matter under review is covered by the specific statutory provision relating to it." Blaine's Estate v. Commissioner of Internal Revenue, 22 T.C. 1195, 1212

(1954). In short, we agree with the Commissioner that the evidence discloses that "the alleged 'business' function of taxpayer's wife was to be a socially gracious wife, not a professional business woman."

Nor was the taxpayer's trip taken, or the wife's expenses incident thereto incurred, because of any "exigencies" of the taxpayer's business. Commissioner of Internal Revenue v. Flowers, 326 U.S. 465, 470, 474, 66 S.Ct. 250, 90 L.Ed. 203 (1946); Treas. Regulations, 26 C.F.R. Sec. 1.162–2.

The judgment of the district court allowing deduction for the expenses of taxpayer's wife is reversed, and the matter remanded to the district court for such further proceedings as will permit the taxpayers to prove what part of the claimed deductions are his and what part hers.