Donald W. Scarborough and Gudrun E. Scarborough v. Commissioner.
Scarborough v. Commissioner
Docket No. 3168-70 SC.
United States Tax Court
T.C. Memo 1971-142; 1971 Tax Ct. Memo LEXIS 189; 30 T.C.M. (CCH) 613; T.C.M. (RIA) 71142; June 16, 1971, Filed. Donald W. Scarborough, pro se, P.O. Box 318, Willow Creek, Calif.Eugene H. Ciranni, for the respondent. SACKS Memorandum Findings of Fact and Opinion SACKS, Commissioner: Respondent determined a deficiency in petitioners' Federal income tax for 1966 in the amount of $526.40. Respondent has conceded that petitioners are entitled to deduct a total of $110 for the cost of petitioner Donald W. Scarborough's meals while en route to and visiting his ranch. The issues remaining for decision 614 are: (1) Whether petitioner Donald W. Scarborough incurred a deductible expense of $460 during 1966 for the cost of meals purchased while he was away from his residence and on duty as a California Highway Patrolman; (2) Whether petitioners incurred any expenses in excess of $131.63 during 1966 for the purchase and maintenance of petitioner Donald W. Scarborough's California Highway Patrol uniforms; (3) Whether petitioners *191 incurred deductible travel expenses during 1966 in excess of $294 in transporting themselves and their three children between their residence in Willow Creek, California, and their rental property near Cottonwood, California; (4) Whether petitioners are entitled to a depreciation deduction with respect to their Cottonwood rental property in excess of $188.75 for the year 1966. Findings of Fact Donald W. Scarborough (hereinafter called petitioner) and Gudrun E. Scarborough are husband and wife, who at the time of the filing of their petition in this case resided in Willow Creek, California. Their joint Federal income tax return for the calendar year 1966 was filed with the district director of internal revenue at San Francisco, California. Highway Patrolman Expenses Petitioner is employed as a California State Highway Patrolman assigned to a resident post at Willow Creek, California. He is required to reside in his assignd area and patrol the public roads there in a vehicle furnished by his employer. Petitioner patrols this area, which encompasses approximately 1200 square miles, at least eight hours per day, five days per week. Petitioner also must be available to take care *192 of emergency calls twenty-four hours per day during the days on which he is on regular duty. While on duty petitioner is required to remain in constant contact with his headquarters office in Redding, California. Petitioner must be within hearing distance of his automobile radio when on duty and must notify the headquarters dispatcher of his location at all times. He is subject to call even while having lunch and must answer questions of the public at this same time. There is no fixed lunch hour as such and petitioner takes lunch break only when he is free to take one. He is not reimbursed by his employer for any luncheon expenses. However, a meal allowance is provided by the California State Highway Patrol when a patrolman is required to travel more than 50 miles from his home or resident post. On a few occasions petitioner was required to report to his command post at Redding, California, for meetings and was provided with a meal allowance of $1.20 per meal. For the year 1966, petitioner has claimed a deduction for 242 meals purchased at various restaurants while he was on duty and away from the vicinity of his residence. None of these meals, costing a total of approximately *193 $460, were purchased on occasions when petitioner was away from his home overnight. In connection with his employment as a California State Highway Patrolman, petitioner is required to purchase and maintain a California Highway Patrolman's uniform. This uniform consists of a shirt, tie, tie clasp, shoulder patches, pants, jacket, belt, bullet pouches, service revolver, "off duty" revolver, holster, handcuffs, and other miscellaneous items. Petitioner also must possess specific rainwear and accessories for use while on duty but not in uniform. A complete California Highway Patrolman's uniform costs approximately $250 to $275. During 1966 petitioner spent $70.60 for the cleaning and maintenance of his uniforms. Ranch Expenses Petitioners own a ranch near Cottonwood, California which they acquired in 1959 for $16,800. The ranch is approximately 120 miles from their home in Willow Creek, California, and consists of 38 acres of floodirrigated pasture land, a small house, and numerous other improvements. In 1966 petitioners rented their ranch farm house and pasture land for a gross rental of $1,815. During 1966, petitioners made 10 round trips to the ranch. On each trip, petitioners *194 traveled in two vehicles, a small pick-up truck driven by petitioner Donald W. Scarborough and the family automobile driven by petitioner Gudrun E. Scarborough. Petitioners' three minor children traveled in the automobile with their mother. The pick-up truck was used to haul materials, tools, and other supplies while the automobile provided transportation for the rest of the family. Nine of the ten trips to the ranch were for weekends only. On each of these trips, various repairs were made at the ranch. The 615 tenth trip lasted for two weeks and was a vacation trip. Petitioners have claimed deductions for the total mileage traveled on these trips in the amount of $540 and for the cost of meals purchased while on these trips in the amount of $550. Petitioners have also claimed a deduction for depreciation of various improvements located on this ranch property. At the time they acquired this property, in 1959, it had been leveled for flood irrigation by a previous owner. Petitioners estimated the cost of this project and have assigned a value of $6,200 to it, which they seek to depreciate over a ten year period. Petitioners also seek to depreciate the sum of $2,000 which was *195 the agreed upon price for clearing approximately 4 acres of their property in 1966. This amount was to be paid to a tenant who rented their pasture land by foregoing the $100 monthly rental payment for a period of 20 months. Shortly after clearing the land, the tenant broke his lease. No cash payments were ever made to the tenant for undertaking this job. Petitioners further claim that they incurred expenses of $750 in 1962, $750 in 1963, $800 in 1964, and $750 in 1965, in installing and maintaining fences on their property, putting in irrigation pipe, and clearing their land. They also claim they incurred an expense of $716.86 in 1960 in digging a well, an expense of $825 in 1963 in purchasing furniture for the ranch house and an expense of $1,700 in 1963 in adding two new rooms to the house and installing new flooring and carpeting. Only the oral testimony of the petitioners and a schedule of depreciable assets prepared shortly before trial by petitioner Donald W. Scarborough have been offered in support of these claimed depreciation deductions. Opinion Highway Patrolman Expenses Petitioner Donald W. Scarborough contends that he has incurred an expense for the cost of meals *196 while "traveling away from home in the pursuit of a trade or business" for which he should receive a deduction. Respondent argues that a taxpayer is not away from home, except when he is on a trip that requires sleep or rest. Petitioner does not address his arguments toward this position, but merely urges that his travel was beyond the vicinity of his home while he was on patrol. The respondent's position was adopted by the Supreme Court in United States v. Correll, 389 U.S. 299 (1967), and covers the precise issue here. Thus, petitioner's meal expenses are not deductible under section 162(a)(2) of the Internal Revenue Code of 1954[1] as traveling expenses incurred in petitioner's business while away from home. See also Wilson v. United States, 412 F. 2d 694 (C.A. 1, 1969) comparing an exclusion for a meal allowance for a state policeman with a deduction for meals under Correll.
Petitioner also claimed a deduction for certain uniform expenses he allegedly incurred in connection with his employment as a California State *197 Highway Patrolman. In support of this claimed deduction, petitioners offered in evidence certain cleaning bills totaling $70.60 and a number of cancelled checks evidencing payments to various stores made in 1966. Respondent concedes that petitioners incurred $70.60 for the cleaning of uniforms which amount is properly deductible. Of the various cancelled checks petitioners produced, they were only able to testify with certainty that four of these checks, totaling $33.52, represented payments made for the purchase of items constituting parts of petitioner Donald W. Scarborough's uniform. The balance of petitioners' testimony with regard to these checks and various cash expenditures was general, vague, and insufficient to establish that they incurred any expenses in excess of $131.63 during 1966 for the purchase and maintenance of petitioner Donald W. Scarborough's uniform. Personal grooming expenses which were estimated to have been $50 in 1966 were also claimed as a deduction. Such expenses are inherently personal in nature and not deductible, Richard Walter Drake, 52 T.C. 842 (1969). Ranch Expenses Petitioners have claimed a deduction for certain travel expenses *198 they incurred in 1966 in connection with the maintenance of their ranch property in Cottonwood, California, which they leased to various tenants. Petitioners made nine weekend trips to their ranch in separate vehicles, a pick-up truck and the family automobile. They also made one additional trip for a two week vacation. Respondent has allowed a deduction for the cost of petitioner Donald W. Scarborough's mileage expense for eight of 616 these trips and concedes on brief that he is entitled to deduct $110 for the cost of his meals while en route to and visiting his ranch. Respondent has disallowed the expenses of utilizing a second vehicle to travel to the ranch and the cost of meals for petitioner Gudrun E. Scarborough and her three children while traveling to or visiting the ranch. As noted in Weatherford v. United States, 418 F. 2d 895 (C.A. 9, 1969), "A wife's travel expenses are not deductible unless it is shown that she provided substantial services directly and primarily related to the carrying on of her husband's business." See also section 1.162-2 (c), Income Tax Regs. and Rev. Rul. 56-168, 1956-1 C.B. 93. In the instant case petitioner Donald *199 W. Scarborough's wife and three daughters, ages 8, 7, and 5 during 1966, traveled by separate automobile to accompany him at their ranch. By his own testimony they came "* * * along to the ranch because they are part of the family." The only testimony linking their presence with petitioner Donald W. Scarborough's business purpose in visiting the ranch was the very general statement that "they help me out considerably." In view of the fact that these trips seem to have been family excursions to a country home which was apparently rented for the purpose of preserving it and generating sufficient income to defray the costs of holding it, we find that the expenses incurred on behalf of petitioner Gudrun E. Scarborough and the three girls in traveling to and visiting the Cottonwood property fall without the ambit of expenses incurred in connection with a trade or business. Nor can we say these expenses were incurred for the production of income under section 212. In any event, none of the claimed expenses in excess of those already allowed by respondent have been substantiated in accordance with the requirements of section 274(d) and the regulations thereunder. The petitioners have merely *200 stated that they made 10 trips to their Cottonwood property and have failed to provide any record of the dates of these trips. In addition, the claimed meal expenses are estimates of the expenses incurred which petitioners supported by no more than their own testimony. Such evidence is not enough to meet the detailed requirements of section 274 and the regulations thereunder. William F. Sanford, 50 T.C. 823 (1968), affd. per curiam 412 F. 2d 201 (C.A. 2, 1969), certiorari denied 396U.S. 841 (1969). Nor is there "sufficient evidence" in any other form to corroborate petitioners' testimony with respect to these expenses. See Harry G. LaForge, 53 T.C. 41 (1969), reversed and remanded 434 F. 2d 37o (C.A. 2, 1970). Finally, the pertinent legislative history underlying section 274 makes it patently clear that we are not free to make an estimate of allowable expense deductions [under the rule of Cohan v. Commissioner where the record is otherwise deficient in the necessary substantiation. See S. Rept. No. 1881, 87th Cong. 2d Sess. (1962), p. 53. The last issue in controversy concerns claimed deductions for depreciation of various ranch *201 improvements. Unfortunately, the parties failed to present any stipulation of facts with respect to this issue and respondent was totally unaware of most of the improvements involved until petitioners disclosed such improvements at the trial of this case. The only evidence offered in support of the claimed depreciation deductions was petitioners' oral testimony and a hand written schedule of improvements prepared two days prior to trial by petitioner Donald W. Scarborough. Petitioner acquired the ranch property here in issue in 1959 at a cost of $16,800. At the time they acquired this property it consisted of 38 acres of flood irrigated pasture land, a small ranch house, a barn, milking shed, calf shed, and pump house. In 1960 a well was installed at a cost of $716.86, which amount respondent does not contest. Petitioners also claim they are entitled to depreciation deductions for the cost of an addition to the ranch house made in 1963, new furniture placed in the ranch house in 1963, and numerous land improvements made between 1960 and 1966. Respondent does not contest petitioners claimed deductions for depreciation of their ranch house or well in the statutory notice of deficiency. *202 Nor does respondent raise any issue either in the statutory notice or on brief with regard to the useful lives ascribed to these or any other assets or the lack of any salvage value being attributed to them. Thus, for the purposes of this case we regard petitioners' computations of depreciation as correct, once we are convinced as to the accuracy of the claimed basis of each improvement. 617 Petitioners have claimed a depreciation deduction for the various farm buildings on their property. A value of $3,800 has been used as the basis for these buildings for the purpose of determining the amount of depreciation that can be claimed annually. Based upon the price paid for the entire ranch, the amount so ascribed to these buildings appears to be reasonable and a depreciation deduction in the amount of $380 per year is therefore properly allowable for such buildings. Petitioners have also claimed a deduction for depreciation of various land improvements. They have allocated $6,200 of the original purchase price of their property to the leveling of the flood irrigated portion of their land. Section 175 and the regulations thereunder do permit a deduction by a taxpayer engaged in *203 the business of farming for expenses which are paid or incurred by him during the taxable year for the purpose of soil or water conservation or for the prevention of erosion of land used in farming. Here the expenditures were not incurred by petitioners, thus precluding the application of section 175. Nor may they as farmers depreciate any of their land. Section 1.167(a)-6(b), Income Tax Regs.
An amount of $2,000 was also claimed as a land improvement in 1966. Petitioners have indicated this was the agreed upon price for the clearing of approximately four acres by one of their tenants who was to be compensated by receiving the rent free use of their pasture land for 20 months. Petitioners could not recall whether they provided any rent free use of their land to this tenant and admittedly have never paid any sum of money for this job. It is clear that no depreciation deduction with respect to this expense is allowable since by petitioners' own admission, they have never made any payment for this improvement and thus have no basis in it to depreciate. Petitioners also claimed depreciation deductions for additional land improvements purportedly made in 1962, 1963, 1964, and 1965. The *204 only evidence offered to substantiate the expenditures allegedly made in each of these years was the testimony of petitioner Donald W. Scarborough. He stated that in 1962, $750 was expended for the building and rebuilding of fences, installation of drain pipe and boxes in ditches, and for the clearing of the land. He also stated that in 1963, $750 was expended for similar purposes, as well as $800 in 1964, and $750 in 1965. Such testimony is excessively general and is supported by no contemporaneous records whatsoever. This evidence fails to carry petitioners' burden of proof with respect to these claimed deductions. Rule 32, Tax Court Rules of Practice.Finally, petitioners claim depreciation deductions for a $1,700 addition made to the house located on their ranch in 1963 and furniture placed in the house in 1963 at a cost of $825. While the cost of these items has not been established from supporting records, respondent does not contest the fact that these items were placed in service. Therefore, it is clear some deduction should be allowed, Walter M. Joyce, 25 T.C. 13 (1955). However, since petitioners have failed to offer satisfactory evidence of the cost of these *205 items, we find under the principles of Cohan v. Commissioner, supra (which case still retains its vitality in this context) that petitioners are entitled to a depreciation deduction of $120 in 1966 in connection with the addition to the ranch house and a deduction of $50 in 1966 for depreciation of the furniture placed in the house in 1963. Reviewed and adopted as the report of the Small Tax Case Division. Decision will be entered under Rule 50. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩